IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN,

    Petitioner,                   No. CIV S-05-2222 GEB PAN P

    vs.

TERESA A. SCHWARTZ, Warden,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is serving a sentence of twenty-five years to life in prison based on petitioner's 1982 conviction of first degree murder, mayhem, assault with a caustic chemical and conspiracy.  In the instant petition petitioner challenges the parole board's finding that petitioner was unsuitable for parole.  This matter is before the court on respondent's motion to dismiss.  Respondents contend that the petition is time-barred.

        Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

    When a habeas petitioner challenges an administrative decision such as the denial of parole, the underlying action is not final for purposes of the AEDPA statute of limitations until the denial of administrative review.  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003); see also In re Dexter, 25 Cal.3d 921, 925 (1979) (state habeas petition challenging administrative determination not cognizable until the conclusion of administrative proceedings).

    Moreover, once the statute begins to run, it is tolled during the pendency of any "properly filed" state collateral attack on the judgment.  Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

    For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

    1. On March 13, 2002, the parole board found petitioner was unsuitable for parole.  That decision became effective on April 22, 2002.  (Subsequent Parole Consideration Hearing Transcript, dated March 13, 2002, at 39-45 (attached to Petition).)

/////

2. Petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court; it was denied on December 10, 2002. (Opp'n., Ex. A.)

3. Petitioner's administrative appeal challenging the parole board's decision was received on May 24, 2002 (Opp'n., Ex. B), and denied on March 11, 2003. (Id., see Respondent's Request for Judicial Notice.)

4. Petitioner declares he did not receive a copy of the board's denial until May 2, 2003. (Opp'n. at 2 & Ex. B.)

5. On November 25, 2003, petitioner filed a petition for writ of habeas corpus in the Marin County Superior Court. (Opp'n. at Ex. C.) On December 23, 2003, that petition was transferred to the Solano County Superior Court. (Opp'n. at Ex. D.)

6. On January 2, 2004, Solano County acknowledged receipt of the transfer. (Opp'n. at Ex. E.) On January 29, 2004, the petition was denied. (Opp'n at Ex. F.)

7. On May 3, 2004, petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court. (Opp'n at Ex. G.) That petition was denied by order filed May 7, 2004. (Id.)

8. Petitioner filed a state habeas petition challenging the board's decision on June 4, 2004. (Pet. at 2; Ex. C; Opp'n. at Ex. H.) On July 15, 2004, the petition was held in abeyance pending the filing of complete transcripts. (Pet., Ex. I.) The Los Angeles County Superior Court denied the state petition on August 12, 2004.

9. On September 15, 2004, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Second Appellate District, which was denied on September 28, 2004. (Pet. at 2; Ex. D.) The original petition to the California Supreme Court was denied on September 21, 2005. (Pet. at 2-3; Ex. E.)

10. Petitioner filed the instant action on November 3, 2005.

It is undisputed that petitioner did not receive the Board's denial until May 2, 2003 and is, therefore, the date on which petitioner discovered the factual predicate of his claims.

1  Redd, 343 F.3d at 1082 (statute of limitations began to run the next day after the undisputed date
2  on which Redd received notice of the Board's decision); see also Burger v. Scott, 317 F.3d 1133,
3  1138 (limitations period began on the undisputed date Burger learned of the change in his parole
4  reconsideration date).  Accordingly, the AEDPA statute of limitations began to run on May 3,
5  2003 and would have expired on May 2, 2004, absent any tolling.  Fed. R. Civ. P. 6(a) (excluding
6  the day from which the period begins to run from the calculation of the time); Cal. Code Civ.
7  Proc. § 12 (same).
8         The court next determines whether the one-year period should be tolled under the
9  text of the statute which provides for tolling for the time period during which a properly filed
10 application for post-conviction or other collateral review is pending in state court.  See 28 U.S.C.
11 § 2244(d)(2).  The limitation period ran from May 3, 2003, until petitioner's filed his first
12 collateral attack on November 25, 2003.  On November 25, 2003, the limitation period had run
13 220 days.  The period did not begin to run again until January 29, 2004, the date the petition was
14 denied.  From January 30, 2004 until May 3, 2004, when petitioner filed his next petition for writ
15 of habeas corpus, a period of 92 days, the limitation period had run 312 days.  The limitation
16 period was tolled from May 3, 2004 to May 7, 2004, but began to run again on May 8, 2004 until
17 June 4, 2004, a period of 27 days.  By June 4, 2004, the limitation period had run 339 days.
18        Petitioner had 26 days left to file his petition in federal court.  The limitation
19 period was again tolled from June 4, 2004 until August 12, 2004.  The limitations period began
20 to run again on August 13, 2004 and ran out on September 7, 2004, before petitioner filed his
21 September 15, 2004 petition for writ of habeas corpus.
22        Although petitioner went on to file a petition for writ of habeas corpus on
23 September 15, 2004, and later in the California Supreme Court, these collateral actions were all
24 filed after expiration of the statute of limitations.  Neither the filing of collateral actions nor the
25 operation of tolling revive the statute of limitations.  Harris v. Hutchinson, 209 F.3d 325, 327-28
26 (9th Cir. 2000).

1    Petitioner did not file the instant petition until November 3, 2005, over a year
2 beyond the expiration of the limitations period.  This action is therefore barred by the statute of
3 limitations.
4    Because petitioner clearly exceeded the statute of limitations, and does not qualify
5 for statutory tolling, the court must determine whether petitioner is entitled to equitable tolling
6 for any or all of the time between May 3, 2003, when the statute of limitations period began to
7 run, and September 7, 2004, when the limitations period expired.
8    Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is
9 available in this circuit, but only when "extraordinary circumstances beyond a prisoner's control
10 make it impossible to file a petition on time" and "the extraordinary circumstances were the
11 cause of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003) (internal
12 quotation marks and citation omitted).
13    The Ninth Circuit has held:
14
> We will permit equitable tolling of AEDPA's limitations period
> only if extraordinary circumstances beyond a prisoner's control
15 make it impossible to file a petition on time.  When external forces,
> rather than a petitioner's lack of diligence, account for the failure to
16 file a timely claim, equitable tolling of the statute of limitations
> may be appropriate.
17
18 Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations and citations omitted).
19 It is a habeas petitioner's burden to establish his entitlement to equitable tolling.  Miranda v.
20 Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002).
21    Here, petitioner raised no facts in support of equitable tolling.  Petitioner claims
22 he has been diligent; however, he has provided no evidence of external forces that prevented him
23 from timely filing his federal petition.  Accordingly, this court finds petitioner is not entitled to
24 equitable tolling.
25    For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that
26 respondent's January 6, 2006 motion to dismiss the petition be granted and this action be

dismissed as time-barred.[1]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

001
gilm2222.mtd

---

[1] The court need not reach respondent's alternative argument that the court lacks subject matter jurisdiction over petitioner's claims.