IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN,

      Petitioner                 2:05-cv-2222-GEB-EFB

  vs.                          ORDER

TERESA A. SCHWARTZ, Warden,

      Respondent.

-oOo-

Petitioner, a prisoner without counsel, seeks a writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254. He challenges a 2002 decision of the California Board of Prison Terms finding him unsuitable for parole. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On January 6, 2006, Respondent filed a motion to dismiss arguing the petition is untimely and states no federal grounds for relief. Petitioner opposed the motion. On July 26, 2006, a

magistrate judge determined the petition was untimely and recommended Respondent's motion be granted.  Petitioner has filed objections pointing out arithmetic errors on the part of the magistrate judge and asserting grounds for equitable tolling.

The court has conducted a de novo review of this case pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304 and hereby grants Respondent's motion to dismiss for the following reasons.

On March 13, 2002, a panel of the California Board of Prison Terms found Petitioner unsuitable for parole. (Subsequent Parole Consideration Hearing Transcript, dated March 13, 2002, at 39-45 (attached to Petition).)  Petitioner filed an administrative appeal, which was denied March 11, 2003.  Petitioner's administrative appeal challenging the parole board's decision was received on May 24, 2002, and denied on March 11, 2003. (Petitioner's Opp'n, Ex. B.)  Petitioner declares, and Respondent does not dispute, that Petitioner received a copy of the decision May 2, 2003.  (Petitioner's Opp'n at 2 & Ex. B.)

On November 25, 2003, Petitioner filed a petition for a writ of habeas corpus in the Marin County Superior Court. (Petitioner's Opp'n, Ex. C.)  On December 23, 2003, the court transferred the petition to the Solano County Superior Court. (Id.) On January 29, 2004, the Solano County Superior Court denied the petition. (Petitioner's Opp'n, Ex. F.)  On May 3, 2004, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court.  (Petitioner's Opp'n, Ex.

1  G.)  That petition was denied May 7, 2004. (Id.)  On June 4,
2  2004, Petitioner filed a second state habeas petition in the Los
3  Angeles County Superior Court, which was denied on August 12,
4  2004. (Petition at 2, Ex. C; Petitioner's Opp'n, Ex. H.)
5       On September 15, 2004, Petitioner filed a petition for writ
6  of habeas corpus in the California Court of Appeal for the Second
7  Appellate District, which that court denied on September 28,
8  2004.  (Petition at 2, Ex. D.)
9       On November 3, 2004, Petitioner filed a petition for a writ
10 of habeas corpus in the California Supreme Court.[1]  The original
11 petition to the California Supreme Court was denied on September
12 21, 2005.  (Petition at 2-3, Ex. E.)
13      Petitioner filed his federal petition November 3, 2005.
14      A one year statute of limitations for seeking federal habeas
15 relief begins to run from the latest of the date the judgment
16 became final on direct review, the date on which a state-created
17 impediment to filing is removed, the date the United States
18 Supreme Court makes a new rule retroactively applicable to cases
19 on collateral review or the date on which the factual predicate
20 of a claim could have been discovered through the exercise of due
21 diligence.  28 U.S.C. § 2244(d)(1).  A properly filed state post

---

[1] Neither party has informed the court when this petition was filed but the fact is essential to adjudication of this matter.  Therefore, the court takes judicial notice of the filing date shown on the California Appellate Courts' website found at: http://appellatecases.courtinfo.ca.gov/search/case. The case is Gilman (Richard M.) On Habeas Corpus, Case No. S128939. See Fed. R. Evi. 201; see also Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) (court may take judicial notice of other courts' records for the fact that an action was dismissed).

conviction application tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. Carey v. Saffold, 536 U.S. 214, 223 (2002).

The Board's decision became final on May 2, 2003, the date Petitioner received it and therefore learned of it. See Burger v. Scott, 317 F.3d 1133, 1138 (9th Cir. 2003) (limitations period began the date Burger learned of the decision to change his parole reconsideration date); see also Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003) (limitations period began to run the day after Redd received notice of the Board's decision). Petitioner had until May 2, 2004, to file a federal petition. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time), and so absent tolling, the November 3, 2005, petition is 550 days late.

Petitioner's arithmetic objections for the most part have merit. The court finds that 206 days elapsed between May 3, 2003, and November 25, 2003; 95 days elapsed from January 29, 2004, and May 3, 2004; 28 days elapsed from May 7, 2004, and June 4, 2004; 34 days elapsed from August 12, 2004, and September 15, 2004; 36 days elapsed from September 28, 2004, and November 3, 2004; and 43 elapsed from September 21, 2005, and November 3, 2005. Since there is no dispute that Petitioner was properly pursuing state post-conviction remedies, he is entitled to 442

days statutory tolling. Absent equitable tolling, the petition is 108 days late.[2]

In his objections, Petitioner contends he is entitled to equitable tolling.[3] A Petitioner is entitled to equitable tolling if he demonstrates that he diligently has pursued his rights and that some extraordinary circumstance "stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

Petitioner asserts that he was hospitalized on July 13, 2003, suffered cardiac arrest on July 17, 2003, underwent triple-bypass surgery on July 23, 2003, and remained hospitalized until July 31, 2003. During this time he repeatedly was transferred from one institution to another and he did not receive his legal property until about August 12, 2003, after arriving at the California Medical Facility. He also asserts he did not resume "normal activities" until December 9, 2003.

Petitioner attaches a prison document showing he had bypass surgery. Although the date is not on the document, the court finds Petitioner's submissions adequate to find that his heart

---

[2] Petitioner asserts that he is entitled to an additional seven days' statutory tolling because he sought state post-conviction relief without the assistance of counsel. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (prisoner assisted by counsel does not benefit from the mailbox rule). For the reasons explained in this order, seven days will not make the petition timely.

[3] Petitioner is without counsel and so the court exercises its discretion to consider this argument even though Petitioner raised it for the first time in his objections. See Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002).

condition "stood in his way" for the 30 days from the time he was hospitalized until he received his legal property. See <u>Laws v. Lamarque</u>, 351 F.3d 919 (9th Cir. 2003) (mental incompetence can give rise to equitable tolling); <u>Lott v. Mueller</u>, 304 F.3d 918, 924 (9th Cir. 2002) (Petitioner was deprived of legal materials for 82 days during two transfers and received his materials shortly before the limitation period expired).

But Petitioner's assertion that he could not resume "normal activities" until December 9, 2003, is insufficient to demonstrate that his health "stood in his way." Petitioner filed a habeas petition in the Marin County Superior Court on November 25, 2003. He has failed to show he is entitled to equitable tolling after receiving his legal materials.

For these reasons, the petition filed November 3, 2005, is untimely. Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 26, 2006, are adopted as augmented herein; and

2. Respondent's motion to dismiss filed January 6, 2006, is granted on the ground the November 3, 2005, petition is untimely.

Dated:  September 29, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge

6